UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-10202-ADB |
| | ) |
| JOHN F. CASEY, | ) |
|     Defendant. | ) |

**UNITED STATES' MOTION FOR (1) PRELIMINARY ORDER OF FORFEITURE
AND (2) ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Rachael S. Rollins, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture, and also a $1,570,399 Order of Forfeiture (Money Judgment),[1] in the above-captioned case, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture and a proposed Order of Forfeiture (Money Judgment) are submitted herewith. In support thereof, the United States sets forth the following:

1. On October 20, 2021, the United States Attorney for the District of Massachusetts filed a thirty-three count Superseding Information, charging defendant John F. Casey (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Twenty-Three); Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts Twenty-Four through Twenty-Six); Money Laundering, in violation of 18 U.S.C. § 1957 (Counts Twenty-Seven through Thirty); and Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Counts Thirty-One through Thirty-Three).

---

[1] In his written plea agreement, the Defendant agreed to the entry of the requested $1,570,399 Order of Forfeiture (Money Judgment). *See* Docket No. 65.

2. The Superseding Information included a Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Twenty-Three of the Superseding Information, of any property, real or personal, which constituted, or was derived from proceeds traceable to the offenses. The property to be forfeited included, but was not limited to, the following assets:

 (a) one women's white gold ring containing one 3.0 carat, oval diamond with GIA certificate number 7341730431 and side stones (the "Diamond Ring");

 (b) $12,427.52 in United States currency, seized from Bank of America account number xxxx xxxx 8966, held in the name of Loap Leasing LLC, on or about August 20, 2021;

 (c) $59,461.91 in United States currency, seized from Bank of America account number xxxx xxxx 8716, held in the name of Mind Body Wellness USA LLC, on or about August 20, 2021; and

 (d) All funds on deposit in Charles Schwab account number xxxx-8978, held in the name of C.C., which was seized in place on or about August 20, 2021

(collectively, the "Properties").

3. The Superseding Information also included a Money Laundering Forfeiture Allegation, pursuant to 18 U.S.C § 982(a)(1), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Twenty-Seven through Thirty of the Superseding Information, of any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited included, but was not limited to, the Diamond Ring.

4. The Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), up to the value of the property described in Paragraphs 2 and 3 above.

5. On October 21, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Thirty-Three of the Superseding Information, pursuant to a written plea agreement signed by the Defendant on October 19, 2021. *See* Docket No. 65.

6. In Section 6 of the written plea agreement, the Defendant agreed that the Court will, upon acceptance of the Defendant's guilty plea, enter orders of forfeiture as part of the Defendant's sentence, and that the orders may include assets directly traceable to the Defendant's offenses, assets used to facilitate the Defendant's offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses. The assets to be forfeited, pursuant to the terms of the written plea agreement, specifically included, without limitation, the Properties. *Id.* at 6.

7. The Defendant further admitted that the Properties are subject to forfeiture on the grounds that they constituted, or were derived from, proceeds of the Defendant's offenses and/or the Properties were involved in the Defendant's offenses. *Id.* at 7.

8. In addition, the Defendant agreed to forfeit $1,570,399 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment), as the Defendant agreed that this amount is equal to the amount of proceeds the Defendant derived from the offenses to which he pled guilty.[2] The Defendant acknowledged and agreed that the amount of the

---

[2] Pursuant to the terms of the written plea agreement, the Government agreed to credit the net

forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property, and/or property involved in, the crimes to which the Defendant pled guilty. *Id.*

9. Finally, the Defendant, in the written plea agreement, agreed to consent to orders of forfeiture for the Properties and for the $1,570,399 forfeiture money judgment. *Id.*

10. In light of the Defendant's admissions in the written plea agreement and his guilty plea on October 21, 2021, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c). Further, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Properties.

11. In addition, and based on the Defendant's admissions in the written plea agreement and his guilty plea on October 21, 2021, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $1,570,399 in United States currency, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), as this amount represents the amount of proceeds the Defendant obtained as a result of his offenses.

**Preliminary Order of Forfeiture**

12. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1),

---

amount recovered from the forfeiture of the Properties towards partial satisfaction of the $1,570,399 forfeiture money judgment. *Id.*, at 7.

and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

13. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Properties, and any additional facts supporting the petitioner's claim and the relief sought.

14. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as a substitute for published notice as to those persons so notified.

**The $1,570,399 Order of Forfeiture (Money Judgment)**

15. The United States seeks entry of an Order of Forfeiture (Money Judgment) in the amount of $1,570,399, as it represents the amount of proceeds the Defendant obtained (directly and indirectly) as a result of violations of 18 U.S.C. §§ 1343, 1028A(a)(1), and 1957.

16. Pursuant to Rule 32.2(4)(A) and based upon the Defendant's consent to entry of the requested order, the Order of Forfeiture (Money Judgment) becomes final upon entry by this Court. As such, no preliminary order of forfeiture is required.

17. The entry of an Order of Forfeiture in the form of a personal money judgment is

5

specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

18. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 11 n. 15 (1st Cir. 2011) ("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia, 564 F.3d 502, 506-507 (1st Cir. 2009)* (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

19. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982 (making Section

853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

    WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)     enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(c)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture and as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence;

(d)     retain jurisdiction for the purpose of enforcing the Preliminary Order of Forfeiture and the Order of Forfeiture (Money Judgment); and

(e) incorporate the Preliminary Order of Forfeiture and the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney,

By: */s/ Carol E. Head*
KRISTINA E. BARCLAY
CAROL E. HEAD
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: January 18, 2022